UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Terrance Mitchell,            Case No. 1:20-cv-00827

       Petitioner

v.            MEMORANDUM OPINION
           AND ORDER

Neil Turner,

       Respondent

**BACKGROUND AND HISTORY**

*Pro se* Petitioner Terrance Mitchell filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner is incarcerated in the North Central Correctional Complex, serving a sentence of 12 years for pandering sexually-oriented matter involving a minor, use of a minor in nudity-oriented material or performance, and possessing criminal tools. As ground for habeas relief, he asserts: (1) his appellate counsel was ineffective for failing to raise discrepancies in the inventory; (2) he should have received a lower sentence based on the mitigating factors presented to the trial court; (3) his trial counsel was ineffective for failing to obtain experts to analyze signatures; and (4) his guilty plea was not knowingly made. Petitioner concedes that he has not fully exhausted his state court remedies. For the reasons set forth below, the Petition is dismissed without prejudice.

On October 4, 2017, Petitioner was charged in a 26-count indictment for pandering sexually-oriented matter involving a minor, in violation of R.C. 2907.322(A)(2); illegal use of minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(1); pandering sexually-oriented matter involving a minor, in violation of R.C. 2907.322(A)(1); pandering sexually-oriented matter involving a minor, in violation of R.C. 2907.322(A)(5); and possessing criminal tools, in violation of R.C. 2923.24(A). The indictment stemmed from Petitioner's creation of material showing a minor in a state of nudity and his use of his computer to download, save, and share numerous images and videos of child pornography.

Petitioner pled guilty to 18 of the 26 counts on March 13, 2018. For sentencing purposes, Count 24 merged with Count 19 and Count 25 merged with Count 13. He was sentenced on April 26, 2018, to six years of incarceration on Counts 1, 2, 3, and 6 (pandering in violation of R.C. 2907.322(A)(2) ), collectively; six years on Counts 4, 5, and 7 (illegal use of minor), collectively; six years on Counts 13 through 20 (pandering in violation of R.C. 2907.322(A)(1) ), collectively (including merged Counts 24 and 25, pandering in violation of R.C. 2907.322(A)(5) ); and 12 months on Count 26 (criminal tools). The court ordered the sentence in the first two groups to be served consecutively to each other, and the consecutive sentences would be served concurrently with the remaining sentences, for a total of 12 years in prison. The court made the statutorily mandated consecutive sentence findings at sentencing and included the findings in the sentencing entry. The court also stated in its journal entry that it considered all required factors of the law and found that a prison sentence is consistent with the purposes of felony sentencing under R.C. 2929.11.

Petitioner appealed his sentence, assigning one error for review: the trial court erred by sentencing the appellant to a 12-year cumulative sentence. *State v. Mitchell*, No. 107242, 2019 WL 1569151, at *1 (Ohio Ct. App. Apr. 11, 2019). The Ohio Eighth District Court of Appeals affirmed his sentence on April 11, 2019. He filed a Motion for Delayed Appeal which was granted by the

Supreme Court of Ohio on November 26, 2019. They declined jurisdiction over the appeal on February 4, 2020.

Petitioner also attempted to reopen his appeal under Ohio App. R. 26 (b), citing ineffective assistance of appellate counsel. The Ohio Eighth District Court of Appeals denied that motion on October 16, 2019, stating that Petitioner did not establish that his counsel was ineffective. He appealed that decision to the Supreme Court of Ohio, which declined jurisdiction on February 4, 2020.

Petitioner also filed a postconviction petition challenging the signatures on the inventory sheet and claiming his trial counsel was ineffective for not raising this issue. He also filed a motion to withdraw his guilty plea claiming it was not knowingly made. Both of those filings were denied. Petitioner indicates they are pending on appeal.

Petitioner has now filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He asserts: (1) his appellate counsel was ineffective for failing to raise discrepancies in the inventory; (2) he should have received a lower sentence based on the mitigating factors presented to the trial court; (3) his trial counsel was ineffective for failing to obtain experts to analyze signatures; and (4) his guilty plea was not knowingly made. He indicates he asserted the first ground in his application to reopen his appeal under Ohio App. R. 26(b). He states he asserted the second ground on direct appeal. His contends his third and fourth grounds for relief were asserted in the postconviction petition and the motion to withdraw guilty plea. Those filings are still pending in the state courts. Petitioner acknowledges that his remedies are not fully exhausted and asks me to stay this habeas petition to allow him to exhaust his state court remedies.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to Habeas Corpus Petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).

Consistent with this goal, when reviewing an application for a writ of Habeas Corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

## PROCEDURAL BARRIERS TO HABEAS REVIEW

Before a federal court will review the merits of a Petition for a writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

In this case, Petitioner acknowledges that he has not fully exhausted all of the claims in his Petition. As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a Petition for a writ of Habeas Corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

## DISCUSSION

As explained above, a petitioner cannot obtain federal habeas relief unless he has completely exhausted his available state court remedies to the state's highest court. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has emphasized that the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claim," since "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005) (citations omitted). Accordingly, where a habeas petition contains unexhausted claims, there is a "strong presumption" in favor of requiring a petitioner to pursue his available state remedies. *Granberry v. Greer*, 481 U.S. 129, 131 (1987); *see also O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (stating that "the Supreme Court has been quite clear that exhaustion is the preferred avenue and that exceptions are to be for narrow purposes only").

Petitioner has remedies available which he is pursuing in the Ohio Courts. He does not deny this but asks me to stay this Petition rather than dismissing it without prejudice. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that, where the one-year statute of limitations may bar a petitioner who presents a "mixed petition," that is, exhausted and unexhausted claims, from re-filing his habeas corpus petition, the Court may stay the case pending exhaustion in certain

5

limited circumstances. The Court must determine that good cause exists for the petitioner's failure to exhaust his claims first in the state courts. *Rhines*, 544 U.S. at 277. Petitioner has not asserted that he may be barred from refiling his Petition by the statute of limitation and does not suggest he has good cause for not waiting to this Petition until his state court remedies are exhausted. His Motion to Stay (Doc. No. 3) is denied. Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254 must be dismissed without prejudice to allow him to comply with the exhaustion requirement.

## Conclusion

Accordingly, Petitioner's Motion to Stay (Doc. No. 3) is denied and his Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254 is dismissed without prejudice for failure to exhaust state court remedies.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge